UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 1:12-cv-23927-PAS

SALUD SERVICES, INC., a Florida corporation, d/b/a
ENDEAVOR BUS LINES; READY BUS LINE, a
Minnesota corporation; GENTRY COACH
COMPANY, a Tennessee corporation, d/b/a GENTRY
TRAILWAYS; VANDALIA BUS LINES, INC., an
Illinois corporation; TRI-CITY CHARTER OF
BOSSIER, INC., a Louisiana corporation; RBL
WISCONSIN, INC., a Wisconsin corporation;
ROADRUNNER CHARTERS, INC., a Texas
corporation; and ECLIPSE CHARTERS & TOURS,
LLC, an Indiana limited liability company,

    Plaintiffs,

vs.

CATERPILLAR, INC., a Delaware corporation,

    Defendant.
_____/

## <u>AMENDED CLASS ACTION COMPLAINT</u>

COMES NOW Plaintiffs, SALUD SERVICES, INC., d/b/a ENDEAVOR BUS LINES

("Salud Bus"); READY BUS LINE ("Ready Bus"); GENTRY COACH COMPANY, d/b/a

GENTRY TRAILWAYS ("Gentry Bus"); VANDALIA BUS LINES, INC. ("Vandalia Bus");

TRI-CITY CHARTER OF BOSSIER, INC. ("Tri-City Bus"); RBL WISCONSIN, INC. ("RBL

Bus"); ROADRUNNER CHARTERS, INC. ("Roadrunner Bus"); and, ECLIPSE CHARTERS &

TOURS, LLC ("Eclipse Bus"), and bring this class action on behalf of itself and a putative class

of similarly situated Florida, Minnesota, Tennessee, Indiana, Louisiana, Texas, Wisconsin and

Illinois bus owners who purchased or leased a bus with a 2007, 2008 or 2009 ("2007-9")

Caterpillar, Inc. ("Caterpillar") C-13 bus engine with an emissions regeneration system or referred to by Caterpillar as the "ACERT technology".  In support thereof, Plaintiffs state as follows:

## JURISDICTION, VENUE AND PARTIES

1.     This multi-state class action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a) and 28 U.S.C. § 1332(d)(2) (the Class Action Fairness Act).

2.     The amount in controversy in this class action exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.

3.     Venue in this District satisfies the requirements of 28 U.S.C. § 1391(b)(1-2) because a substantial amount of the events and occurrences giving rise to the claim occurred in this District, or a substantial part of the property that is the subject of this action is situated in this District.

4.     Plaintiff, Salud Bus, is a Florida corporation with its principal place of business located at 7915 NW 5th Court, Miami, Florida 33150, that actually conducts business within Florida, and specifically within this District, including the events that gave rise to the instant lawsuit.  Salud Bus purchased or leased at least one 2007-9 Caterpillar C-13 bus engine.

5.     Plaintiff, Ready Bus, is a Minnesota corporation with its principal place of business located in La Crescent, Minnesota.   Ready Bus purchased at least one 2007-9 Caterpillar C-13 bus engine.

6.     Plaintiff, Gentry Bus, is a Tennessee corporation with its principal place of business located at 2519 Mitchell Street, Knoxville, Tennessee 37917.  Gentry Bus purchased at least two 2007-9 Caterpillar C-13 bus engines.

7.     Plaintiff, Vandalia Bus, is an Illinois Corporation with its principal place of business located at 312 West Morris Street, Caseyville, Illinois 62232.  Vandalia Bus purchased at least three 2007-9 Caterpillar bus engines.

8.     Plaintiff, Tri-City Bus, is a Louisiana Corporation with its principal place of business located at 1323 Canyon Court, Bossier City, Louisiana 71111.  Tri-City Bus purchased at least ten 2007-9 Caterpillar bus engines.

9.     Plaintiff, Eclipse Bus, is an Indiana limited liability company with its principal place of business located at 3333 Grant Street, Gary, Indiana 46408.  Eclipse Bus purchased at least one 2007-9 Caterpillar bus engine.

10.     Plaintiff, RBL Bus, is a Wisconsin corporation with its principal place of business located at W6860 Industrial Blvd., Onalaska, Wisconsin 54650.  RBL Bus purchased at least one 2007-9 Caterpillar bus engine.

11.     Plaintiff, Roadrunner Bus**,** is a Texas corporation, with its principal place of business located at 1634 E. Irving Blvd, Irving, Texas 75060.  Roadrunner Bus purchased at least three 2007-9 Caterpillar bus engines.

12.     Defendant, Caterpillar, Inc., is a Delaware Corporation with its principal place of business located at 100 NE Adams Street, Peoria, Illinois 61629, registered to conduct business in Florida, Minnesota, Tennessee, Illinois and Indiana and actually conducting business in those states.  Caterpillar designed, manufactured, distributed, delivered, supplied, inspected, marketed, leased and/or sold the 2007-9 C-13 bus engine with regeneration system at issue in this Complaint.

## CATERPILLAR'S "ACERT TECHNOLOGY"

13.     In 2002, tougher emissions regulations went into effect.  As a result, engine makers turned to new and innovative engine technology that recycles exhaust back through the engine in an attempt to reduce emissions. Caterpillar searched for a long term solution that would provide the reliability, durability, fuel economy and resale value to its customers and it came up with the ACERT Technology.

14.     Caterpillar's engine electronics play the major role in reducing exhaust emissions by working to synchronize and harmonize the components of ACERT technology.  First, the system senses the engine's ever-changing operating conditions.  Then—in much the same way as the engine automatically adapts to airflow needs by increasing or decreasing turbocharger boost—the electronic control module sends out signals that variable valve actuators and fuel injectors convert into mechanical responses.  If working correctly, the result is an efficient integration of engine components under any operating conditions.  Caterpillar's electronics is the key function to making the ACERT technology work as an efficient unit.

15.     ACERT technology works by employing a series of turbochargers to force more cool, clean air into the combustion chamber—not the recycled exhaust gas of cooled technology. Working together in series, the turbos turn slower, resulting in increased turbo component life. This turbocharger arrangement is designed to improve engine response while lowering oxides of nitrogen and increasing fuel economy.

16.     ACERT Technology also uses the Clean Gas Induction (CGI) process.  CGI draws off a small amount of non-combustible gas after it has passed through the engine's after treatment system.  The gas is then cooled, blended with more incoming cool, clear air and

returned to the combustion chamber.  Since the gas is passed through the diesel particulate filter,

most contaminants have been removed before the gas re-enters the intake system.

17.     The diesel particulate filter (DPF) is part of CAT's engines and it too works to

reduce emissions of hydrocarbons and other contaminants.  Specifically, the DPF is designed for

self-regeneration under all conditions.  When the electronic control module detects soot buildup,

the  CAT  Regeneration  System  (CRS)  activates.    CRS  works  automatically,  using  only  the

precise  amount  of  fuel  necessary  to  oxidize  soot.    With  CRS,  no  driver  action  is  required  for

regeneration.

18.     The C-13 also features the CAT "MEUI fuel system".  The MEUI system is

designed to provide a patented split injection fuel delivery to the combustion chamber, reducing

emissions and optimizing fuel economy.  With split injection, a minute amount of fuel is injected

at  the  beginning  of  combustion.    This  is  the  pilot  injection.    A  millisecond  later,  during

combustion, a larger volume of fuel is used as the main injection.  Then a post injection, another

smaller  amount  of  fuel,  completes  the  cycle.    How  much  fuel  is  injected  at  each  phase  is

determined by  advanced CAT electronics.  The split fuel injection strategy incorporated into

ACERT technology lowers peak cylinder temperatures, allowing fuel to burn more completely.

In theory this should translate into not only lower emissions, but also superior fuel economy.

19.     Unlike  other  manufacturers  who  designed  engines  to  comply  with  the  tougher

emissions requirements, Caterpillar's ACERT technology lacks any Diesel Oxidation Catalyst

(DOC).  The DOC, in readily available alternatively-designed engines, is located in the exhaust

system, and consists of a honeycomb-like structure covered by a chemical coating that acts as a

catalyst.  As hydrocarbons, carbon monoxide and particulate exhaust emissions pass through the

DOC and come into contact with the catalyst, they are chemically converted into carbon dioxide

and water vapor—harmless substances that are subsequently passed on out of the exhaust system.

## **FACTUAL ALLEGATIONS**

20.   On or about July 10, 2009, Class Representative Salud Bus purchased six (6) buses with 2007-9 Caterpillar C-13 bus engines with the ACERT technology from ABC Companies.

21.   On or about 2010, Class Representative Ready Bus purchased a bus with the 2007-9 Caterpillar C-13 bus engine with the ACERT technology.

22.   On or about March 28, 2008, Class Representative Gentry Bus purchased two (2) buses with 2007-9 Caterpillar C-13 bus engines with the ACERT technology.

23.   On or about December 1, 2009, Class Representative Vandalia Bus purchased three (3) buses with 2007-9 Caterpillar C-13 engines with the ACERT technology.

24.   On or about January 9, 2009, Class Representative Tri-City Bus purchased ten (10) buses with 2007-9 Caterpillar C-13 engines with the ACERT technology

25.   In or around 2008, Class Representative RBL Bus purchased a bus with the 2007-9 Caterpillar C-13 engine with ACERT technology.

26.   In or around 2010, Class Representative Roadrunner Bus purchased three (3) buses with the 2007-9 Caterpillar C-13 engines with ACERT technology.

27.   In or around 2008, Class Representative Eclipse Bus purchased a bus with the 2007-9 Caterpillar C-13 bus engine with the ACERT technology.

28.   Not long after the Class Representatives and members of the putative Class purchased or leased the subject buses with Caterpillar engines, they began to experience numerous breakdowns of the Caterpillar engines, specifically the ACERT emissions and/or

regeneration system, which breakdowns caused the Class Representatives and members of the putative Class significant damages not only for towing and repair, but also in consequential damages including compensating passengers, providing alternate transportation and lost use.

29.     The Class Representatives and members of the putative class experienced repeated instances of check engine lights illuminating, engine derating, after-treatment regeneration devices plugging and/or clogging, the ARD head failing as well as other issues that prevented the engines from properly regenerating - a technical process that occurs within the engine wherein soot built up within the engines' diesel particulate filter is oxidized.

30.     Despite Defendant's numerous attempts to correct the emissions and/or regeneration problem, Defendant have failed to correct the problems.  Defendant led the Class Representatives and members of the putative class to believe that each repair or remedy would solve the defect; therefore, the Class Representatives and members of the putative class continue to experience defective emissions and/or regeneration systems.

31.     Prior to selling or leasing the engines, Defendant did not notify the Class Representatives or members of the putative Class of the defects to their engines, the omission of which served to induce the Class Representatives and members of the putative Class into purchasing or leasing the defective engines.

32.     The Class Representatives and members of the putative Class have suffered substantial financial losses and other damages as a result of Defendant's actions and the defective engines.

## CLASS ACTION ALLEGATIONS

33.     Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23 on behalf of themselves and the following Class and Sub-Classes, comprised of Florida, Minnesota,

Tennessee, Illinois, Louisiana, Wisconsin, Texas and Indiana purchasers or lessees of Caterpillar 2008/9 C-13 bus engines, as described herein.

## **CLASS DEFINITION**

34.     The Class is defined as all Florida, Minnesota, Tennessee, Illinois, Louisiana, Wisconsin, Texas and Indiana persons or entities that leased or purchased a bus containing a 2007-9 Caterpillar C-13 bus engine.

## **SUB-CLASS DEFINITIONS**

a.   Florida Sub-Class: All Florida persons or entities that leased or purchased a bus containing a 2007-9 Caterpillar C-13 bus engine.

b.   Minnesota Sub-Class: All Minnesota persons or entities that leased or purchased a bus containing a 2007-9 Caterpillar C-13 bus engine r.

c.   Tennessee Sub-Class: All Tennessee persons or entities that leased or purchased a bus containing a 2007-9 Caterpillar C-13 bus engine r.

d.   Illinois Sub-Class: All Illinois persons or entities that leased or purchased a bus containing a 2007-9 Caterpillar C-13 bus engine.

e.   Louisiana Sub-Class: All Louisiana persons or entities that leased or purchased a bus containing a 2007-9 Caterpillar C-13 bus engine.

f.   Wisconsin Sub-Class: All Wisconsin persons or entities that leased or purchased a bus containing a 2007-9 Caterpillar C-13 bus engine.

g.   Texas Sub-Class: All Texas persons or entities that leased or purchased a bus containing a 2007-9 Caterpillar C-13 bus engine.

h.   Indiana Sub-Class: All Indiana persons or entities that leased or purchased a bus containing a 2007-9 Caterpillar C-13 bus engine.

35.     Salud Bus is a member of the Class, and the Florida Sub-Class, and is a putative Class Representative.

36.     Ready Bus is a member of the Class, and the Minnesota Sub-Class, and is a putative Class Representative.

37.     Gentry Bus is a member of the Class, and the Tennessee Sub-Class, and is a putative Class Representative.

38.     Vandalia Bus is a member of the Class, and the Illinois Sub-Class, and is a putative Class Representative.

39.     Tri-City Bus is a member of the Class, and the Louisiana Sub-Class, and is a putative Class Representative.

40.     Eclipse Bus is a member of the Class, and the Indiana Sub-Class, and is a putative Class Representative.

41.     RBL Bus is a member of the Class, and the Wisconsin Sub-Class, and is a putative Class Representative.

42.     Roadrunner Bus is a member of the Class, and the Texas Sub-Class, and is a putative Class Representative.

## **NUMEROSITY**

43.     Upon information and belief, Caterpillar sold thousands of 2007-9 C-13 bus engines with ACERT technology systems in Florida, Minnesota, Tennessee, Illinois, Louisiana, Wisconsin, Texas and Indiana. Therefore, the Class, which numbers in excess of 100 individual putative Class members as to each claim asserted, is sufficiently numerous so that the joinder of all members of the Class in a single action is impracticable.  The precise number and identities of

Class members are unknown to Plaintiff, but can be ascertained through reasonable discovery diligence and appropriate notice.

## COMMONALITY

44.     There are numerous common questions of law and fact that predominate over any questions affecting only individual members of the Class.  Among these common questions of law and fact are the following:

    a.  whether Defendant manufactured, distributed, delivered, supplied, inspected, marketed, leased and/or sold 2007-9 Caterpillar C-13 bus engines with ACERT technology regeneration systems that experienced or caused repeated instances of check engine lights illuminating, engine derating, aftertreatment regeneration devices plugging, the ARD head failing and/or clogging, as well as other issues that prevented the engines from properly regenerating;

    b.  whether Defendant breached its express warranty by its conduct;

    c.  whether Defendant breached its implied warranties by its conduct;

    d.  whether Defendant acted in a manner defined as unfair and deceptive pursuant to the Florida Deceptive and Unfair Trade Practices Act;

    e.  whether Defendant acted in a manner defined as unfair and deceptive pursuant to the Minnesota Deceptive and Unfair Trade Practices Act;

    f.  whether Defendant acted in a manner defined as unfair and deceptive pursuant to the Illinois Deceptive and Unfair Trade Practices Act;

    g.  whether Defendant acted in a manner defined as unfair and deceptive pursuant to the Indiana Deceptive and Unfair Trade Practices Act; and

    h.  whether the Class Representative and members of the putative class are entitled to recover compensatory, exemplary, incidental, consequential, and/or other damages as a result of Defendant's unlawful and tortious conduct.

## **TYPICALITY**

45.     Plaintiffs' legal claims are typical of the legal claims of other members of the Class.  Plaintiffs have the same legal interests as other members of the Class and have no interests antagonistic to members of the class they seek to represent.

46.     The Plaintiffs and each member of the Class have leased or purchased at least one bus with a Caterpillar C-13 bus engine with the ACERT regeneration system lacking a DOC. Due to the problems with the Caterpillar C-13 bus engine's regeneration system, the members of the Class have suffered damages in the form of economic damages, as set forth herein.

47.     Plaintiffs and Class Members have sustained the same type of economic damage due to the Caterpillar C-13 bus engine's ACERT technology regeneration system.  Thus, the legal remedies available to Plaintiffs and the Class Members are based upon the same uniform wrongful conduct by Defendant.

## **ADEQUACY OF REPRESENTATION**

48.     Plaintiffs are adequate representatives of the Class, and together with legal counsel, will fairly and adequately protect the interests of the Class.  Plaintiffs have no conflict with the Class it seeks to represent and is committed to the vigorous prosecution of this action and has retained competent counsel experienced in litigation of this nature to represent it. Plaintiffs anticipate no difficulty in the management of this litigation as a class action. Moreover, the Class Representatives' interests are aligned with the Class Members and it is unlikely there will be a divergence of viewpoint.

49.     The undersigned counsel are competent counsel experienced in class action litigation, mass torts, and litigation involving defective and harmful products.  Plaintiffs and counsel will fairly and adequately protect the interests of the class.

## CLASS ACTION REQUIREMENTS

50.    This class action is appropriate for certification because questions of law and fact common to the Members of the Class predominate over questions affecting only individual Members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all Members of the Class is impracticable.   In particular, whether Caterpillar's 2007-9 C-13 bus engine with ACERT technology regeneration system was defective in that it experienced or caused repeated instances of check engine lights illuminating, engine derating, after treatment regeneration devices plugging and/or clogging, as well as other issues that prevented the engines from properly regenerating.   Adjudicating this key issue will benefit all members of the class and resolve a tremendously expensive common issue.

51.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy for the following reasons:

a.    It is economically impracticable for Class Members to prosecute individual actions because the individual claims are so small.

b.    Class members are generally unaware of the technical requirements which govern their claims, and the vast majority of claims such as these would never be brought.

c.    Questions of law or fact common to the claims or defenses of the representative party and the class predominate over any question of law or fact affecting its individual members.

d.    It is desirable to concentrate these claims in a single forum where inconsistent adjudications may be avoided, and consistent conduct be determined and followed throughout all affected areas of the State.

e.    The members of the class are so numerous that separate joinder of each member is impracticable.

f.      Plaintiffs are aware of no other litigation concerning this controversy already commenced by its class members.

g.      There are no difficulties likely to be encountered in the management of this class action, given the limited issue presented, Defendant's record keeping requirements under Florida law and the simplicity of data retrieval for Defendant.

52.     Should individual Class Members be required to bring separate actions, this Court and courts throughout the states of Florida, Minnesota, Tennessee, Illinois, Louisiana, Wisconsin, Texas and Indiana would be confronted with a multiplicity of lawsuits regarding the defective nature of Caterpillar's C-13 bus engine.  Such a multitude of suits would burden the court system while also creating the risk of inconsistent rulings and contradictory judgments.  In contrast to proceeding on a case-by-case basis in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court.

53.     The members of the Class and Subclasses are ascertainable and identifiable through reasonable diligence and appropriate notice.

54.     The common questions set forth above predominate over Class Members' individual issues.

55.     A class action is superior to other methods of dispute resolution in this case.  The Class members have an interest in class adjudication rather than individual adjudication because of the overlapping claims and rights.  It is highly desirable to concentrate the resolution of these claims in this single forum because it would be difficult and highly unlikely that the affected Class members would protect their rights on their own without this class action case.

Management of the class will be efficient and far superior to the management of hundreds of individual lawsuits.

## Count I: Breach of Express Warranty

56.     Plaintiffs adopt and incorporate herein the allegations set forth Paragraphs 1 through 55, above.

57.     Caterpillar expressly assured that the 2007-9 C-13 bus engines they leased or sold Plaintiffs were as indicated in the Express Warranty attached hereto as Exhibit "A".

58.     However, the engines leased or sold to Plaintiffs were defective at the time they were delivered to the Class Representatives and members of the putative Class.

59.     Thus, Defendant has breached the express warranty.

60.     Defendant expressly assured that if a defect in the engines was found Defendant would provide parts, service and towing needed to correct the defect. However, the engines sold to Plaintiff were defective at the time they were sold and Defendant has failed to remedy the defects. Therefore, Defendant has breached the express warranty.

61.     Defendant was notified of the defects in the emissions and/or regeneration systems of the engines but failed to correct them.

62.     By failing to provide engines that met the express warranty and failing to remedy the known defects, the warranty has failed its essential purpose.

63.     As a result of Defendant's breach of express warranty the Class Representatives and members of the putative Class have suffered financial loss and other damages.

## Count II: Breach of Implied Warranty of Fitness for a Particular Purpose

64.     Plaintiffs adopt and incorporate herein the allegations set forth in Paragraphs 1 through 55, above.

65.      Defendant impliedly assured that the 2007-9 C-13 bus engines they leased or sold the Class Representatives and members of the putative Class were free from defects and were suitable to perform duties for which they were manufactured and made; however, the engines delivered to the Class Representative and members of the putative Class were defective at the time they were delivered to the Class Representatives and members of the putative Class.

66.      Consequently, Caterpillar breached the implied warranty that the engines were fit for the particular purpose sold or leases, to wit: a commercial over the road passenger bus.

67.      Additionally, the Caterpillar breached the implied warranties to make appropriate repairs and remedies.

68.      Defendant impliedly assured that the repairs to the engines, emissions systems and/r regeneration systems would be completed in a good and workmanlike manner, however the engines, emission systems and/or regeneration systems have failed to be properly repaired and the defects have not been remedied.  Thus, Defendant has breached the implied warranty of good and workmanlike performance applicable to the repair services of their engines, emissions systems and/or regeneration systems.

69.      Defendant was notified of the defects of the engines' emissions and/or regeneration systems but has failed to correct them.

70.      As a result of Defendant's breach of these warranties the Class Representatives and members of the putative Class have suffered financial loss and other damages.

## Count III: Breach of Implied Warranty of Merchantability

71.      Plaintiffs adopt and incorporate herein the allegations set forth in Paragraphs 1 through 55, above.

72.     Defendant impliedly assured that the 2007-9 C-13 bus engines they leased or sold the Class Representatives and members of the putative Class were free from defects and were suitable to perform duties for which they were manufactured and made; however, the engines delivered to the Class Representative and members of the putative Class were defective at the time they were delivered to the Class Representatives and members of the putative Class.

73.     Consequently, Caterpillar breached the implied warranty of merchantability, to wit: a commercial over the road passenger bus.

74.     Additionally, the Caterpillar breached the implied warranties to make appropriate repairs and remedies.

75.     Defendant impliedly assured that the repairs to the engines, emissions systems and/r regeneration systems would be completed in a good and workmanlike manner, however the engines, emission systems and/or regeneration systems have failed to be properly repaired and the defects have not been remedied. Thus, Defendant has breached the implied warranty of good and workmanlike performance applicable to the repair services of their engines, emissions systems and/or regeneration systems.

76.     Defendant was notified of the defects of the engines' emissions and/or regeneration systems but has failed to correct them.

77.     As a result of Defendant's breach of these warranties the Class Representatives and members of the putative Class have suffered financial loss and other damages.

### Count IV: Violation of Florida Deceptive and Unfair Trade Practices Act ("FUDTPA")

78.     Plaintiffs adopt and incorporate herein the allegations set forth in Paragraphs 1 through 55, above.

79.     The Class Representative and members of the putative Class are consumers under FDUTPA.

80.     Caterpillar is a corporation subject to FDUTPA.

81.     Caterpillar violated FDUTPA when it engaged in false, misleading, or deceptive acts or practices that the Class Representative and members of the putative Class relied upon to their detriment.

82.     Specifically, Caterpillar violated FDUTPA by: a) Representing that the 2008-9 C-13 bus engines and/or the emissions and/or regeneration systems were of a particular standard, quality, or grade when they were not; and b) failed to disclose information concerning the 2007-9 C-13 bus engines' emissions and/or regeneration systems which was known at the time of the transaction and such failure to disclose such information was intended to induce the Class Representative and members of the putative Class into the transactions which they would not have entered into had the information been disclosed.

83.     As a result of Caterpillar's violation of FDUTPA the Class Representative and members of the putative Class have suffered financial loss and other damages.

### Count V: Violation of Illinois Consumer Fraud and Deceptive Trade Practices Act, 815 ILCS § 505/1, et seq.

84.     Plaintiffs adopt and incorporate herein the allegations set forth in Paragraphs 1 through 55, above.

85.     The Illinois Consumer Fraud and Deceptive Trade Practices Act ("ICFA") prohibits "unfair and deceptive practices."

86.     Plaintiff Vandalia Bus and members of the Class are consumers.

87.     Caterpillar violated ICFA when it engaged in false, misleading, or deceptive acts or practices that the Class Representative and members of the putative Class relied upon to their detriment.

88.     Specifically, Caterpillar violated ICFA by: a) Representing that the 2007-9 C-13 bus engines and/or the emissions and/or regeneration systems were of a particular standard, quality, or grade when they were not; and b) failed to disclose information concerning the 2007-9 C-13 bus engines' emissions and/or regeneration systems which was known at the time of the transaction and such failure to disclose such information was intended to induce the Class Representative and members of the putative Class into the transactions which they would not have entered into had the information been disclosed.

89.     Plaintiff Vandalia Bus and the other Class members reasonably expected that their C-13 bus engines and/or the emissions and/or regeneration systems were of a particular standard, quality, or grade and that the bus would operate without breaking down because of a failure of this system.

90.     Defendant's misconduct, including the misrepresentations regarding performance and/or concealment of the defects, as described above, took place in the course of trade or commerce in Illinois.

91.     Despite Defendant's knowledge of the defects in the bus engines, Defendant failed to disclose the existence of this material information to Plaintiff Vandalia Bus and Class members at the time each of them purchased the busses, and/or at the time they made a Warranty claim related to the bus engine failure.

92.     In failing to inform consumers of the defects, Defendant has engaged in an unfair or deceptive act prohibited by the ICFA.

93.     If not for Defendant's deceptive and unfair acts of concealing from Plaintiffs the material facts as alleged herein, Plaintiffs would not have purchased the buses containing the defective bus engines, or would have paid less for them.  Defendant, at all relevant times knew or should have known that Plaintiffs did not know or could not have reasonably discovered the defects prior to their purchases.

94.     As a direct and proximate result of Defendant's violations of the ICFA, Plaintiffs suffered damages, in the form of, among other things, monies spent in towing and/or repairing the buses/bus engines, and/or refunding customers for delays caused by the defective bus engines.

95.     Defendant's violation of the ICFA entitles Plaintiffs and members of the Class to statutory and actual damages, punitive damages, injunctive relief, and attorney's fees and costs.

### Count VI: Violation of the Minn. Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43-.48 and the Minnesota Prevention of Consumer Fraud Act, Minn. Stat § 325F.68, *et seq*.

96.     Plaintiffs adopt and incorporate herein the allegations set forth in Paragraphs 1 through 55, above.

97.     The Minnesota Uniform Deceptive Trade Practices Act ("Minnesota Act") prohibits "unfair and deceptive practices."

98.     The Minnesota Prevention of Consumer Fraud Act ("Minnesota CFA") prohibits misrepresentations and deceptive practices.

99.     Plaintiff Ready Bus and members of the Class are consumers, purchasers, or other persons to which the Minnesota Act and Minnesota CFA apply.

100.    Caterpillar is a seller or other person to whom the Minnesota Act applies, and is a person under the Minnesota CFA.

101.   Caterpillar violated the Minnesota Act and the Minnesota CFA when it engaged in false, misleading, or deceptive acts or practices that the Class Representative and members of the putative Class relied upon to their detriment.

102.   Specifically, Caterpillar violated the Minnesota Act and Minnesota CFA by: a) Representing that the 2007-9 C-13 bus engines and/or the emissions and/or regeneration systems were of a particular standard, quality, or grade when they were not; and b) failing to disclose information concerning the 2007-9 C-13 bus engines' emissions and/or regeneration systems which was known at the time of the transaction and such failure to disclose such information was intended to induce the Class Representative and members of the putative Class into the transactions which they would not have entered into had the information been disclosed.

103.   Plaintiff Ready Bus and the other Class members reasonably expected that their C-13 bus engines and/or the emissions and/or regeneration systems were of a particular standard, quality, or grade and that the bus would operate without breaking down because of a failure of this system.

104.   Defendant's misconduct, including the misrepresentations regarding performance and/or concealment of the Defects, as described above, took place in the course of trade or commerce in Minnesota.

105.   Despite Defendant's knowledge of the defects in the bus engines, Defendant failed to disclose the existence of this material information to Plaintiff Ready Bus and Class members at the time each of them purchased the busses, and/or at the time they made a Warranty claim related to the bus engine failure.

106.   In failing to inform consumers of the defects, Defendant has engaged in an unfair or deceptive act prohibited by the Minnesota Act and the Minnesota CFA.

107.     If not for Defendant's deceptive and unfair acts of concealing from Plaintiffs the material facts as alleged herein, Plaintiffs would not have purchased the buses containing the defective bus engines, or would have paid less for them.  Defendant, at all relevant times knew or should have known that Plaintiffs did not know or could not have reasonably discovered the defects prior to their purchases.

108.     Defendant intended that Plaintiff and the other Class members rely on its misrepresentations and deceptive practices when purchasing and/or leasing the busses.

109.     As a direct and proximate result of Defendant's violations of the Minnesota Act and the Minnesota CFA, Plaintiffs suffered damages, in the form of, among other things, monies spent in towing and/or repairing the buses/bus engines, and/or refunding customers for delays caused by the defective bus engines.

### Count VII: Violation of the Indiana Deceptive Consumer Sales Act, Ind. Code Ann. § 24-5-0.5.1, *et seq.*

110.     Plaintiffs adopt and incorporate herein the allegations set forth in Paragraphs 1 through 55, above.

111.     Plaintiff Eclipse Bus and members of the putative Class are persons under the Indiana Deceptive Consumer Sales Act ("Indiana Act").

112.     Caterpillar is a supplier subject to the Indiana Act.

113.     Plaintiff Eclipse Bus and the other Class members engaged in consumer transactions with Caterpillar when they purchased and/or leased their busses.

114.     The bus engines are subjects of a consumer transaction between Plaintiff Eclipse Bus and other Class members and Caterpillar.

115.   Caterpillar violated the Indiana Act when it engaged in false, misleading, or deceptive acts or practices that the Class Representative and members of the putative Class relied upon to their detriment.

116.   Specifically, Caterpillar violated the Indiana Act by: a) representing that the 2007-9 C-13 bus engines and/or the emissions and/or regeneration systems were of a particular standard, quality, or grade when they were not; and b) failed to disclose information concerning the 2007-9 C-13 bus engines' emissions and/or regeneration systems which was known at the time of the transaction and such failure to disclose such information was intended to induce the Class Representative and members of the putative Class into the transactions which they would not have entered into had the information been disclosed.

117.   Caterpillar knew or should reasonably have known and was willfully deceptive in that the bus engines and/or the emissions and/or regeneration systems were not of the particular standard, quality, or grade at which they were represented to be.

118.   Plaintiff Eclipse Bus gave notice of the defect to Caterpillar and Caterpillar has failed to cure.

119.   As a result of Caterpillar's violation of the Indiana Act, the Plaintiff Eclipse Bus and members of the putative Class have suffered financial loss and other damages.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs, on behalf of all others similarly situated and the Class, demand:

    a.   an order certifying the case as a class action;

    b.   an order appointing Plaintiffs as the Class Representatives of the Class;

    c.   an order appointing undersigned counsel and their firms as counsel for the Class;

    d.   compensatory damages;

e.   punitive damages;

f.   pre-judgment and post-judgment interest, as applicable, at the maximum rate allowable at law;

g.   all statutory damages;

h.   an award of attorneys' fees to class counsel based upon a common fund theory as allowed by law, for the benefits conferred upon the Class and/or as allowed by contract or statute;

i.   the costs and disbursements incurred by Plaintiffs and Class Members in connection with this action, including reasonable attorneys' fees based on the benefits conferred upon the Class, a common fund, statutory, and/or contractual basis;

j.   an award of taxable costs; and

k.   such other and further relief under all applicable state law and any other relief the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs individually, and on behalf of the Class Members, hereby demand a trial by jury as to all issues so triable as a matter of right.

DATED: January 14, 2013

s/GREGORY S. WEISS
GREGORY S. WEISS (Florida Bar No.: 163430)
Email:  gweiss@leopold-law.com
LEOPOLD LAW, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone:  (561) 515-1400
Facsimile:  (561) 515-1401

Richard J. Burke *(to be admitted pro hac vice)*
Email:  Rich@complexlitgroup.com
COMPLEX LITIGATION GROUP LLC
1010 Market Street, Suite 1340
St. Louis, MO 63101
Telephone: (314) 880-7000
Facsimile:  (314) 220-7777

Julie D. Miller *(to be admitted pro hac vice)*
Email: Julie@ComplexLitGroup.com
COMPLEX LITIGATION GROUP LLC
513 Central Avenue, Suite 300
Highland Park, Illinois 60035
Telephone: (847) 433-4500
Facsimile:  (847) 433-2500

Kevin T. Hoerner *(to be admitted pro hac vice)*
Email: KTH@bphtlaw.com
BECKER, PAULSON, HOERNER &
THOMPSON, P.C.
5111 West Main Street
Belleville, Illinois 62226
Telephone: (618) 235-0020
Facsimile: (618) 235-8558

Jonathan Shub *(to be admitted pro hac vice)*
Email: JShub@SeegerWeiss.com
SEEGER WEISS LLP
1515 Market Street, Suite 1380
Philadelphia, Pennsylvania 19102
Telephone: (215) 553-7980
Facsimile:  (215) 851-8029

Steven R. Jaffe
Email: SJaffe@pathtojustice.com
FARMER, JAFFE, WEISSING, EDWARDS
 FISTOS & LEHRMAN, P.L.
425 North Andrews Avenue, Suite 2
Fort Lauderdale, Florida 33301
Telephone:  (954) 524-2820
Facsimile: (954) 524-2822

*Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 14, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically.

<div style="margin-left: 40%;">

s/GREGORY S. WEISS
GREGORY S. WEISS (Florida Bar No.: 163430)
Email:  gweiss@leopold-law.com
LEOPOLD LAW, P.A.
2925 PGA Boulevard, Suite 200
Palm Beach Gardens, FL 33410
Telephone:  (561) 515-1400
Facsimile:   (561) 515-1401

*Attorneys for Plaintiffs*

</div>

## SERVICE LIST

**Kenneth W. Waterway, Esq.**
ken.waterway@sedgwicklaw.com
**Gordon James, III, Esq.**
gordon.james@sedgwicklaw.com
**Kelsey K. Black, Esq.**
kelsey.black@sedgwicklaw.com
SEDGWICK, LLP
2400 E. Commercial Blvd., Suite 1100
Fort Lauderdale, FL  33308
Tel.: (954) 958-2500
Fax: (954) 958-2513

*Attorneys for Defendant*