UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
*MIAMI DIVISION*

Case No. 1:12-cv-23927-SEITZ/SIMONTON

SALUD SERVICES, INC., a Florida corporation, d/b/a ENDEAVOR BUS LINES; READY BUS LINE, a Minnesota corporation; GENTRY COACH CO., a Tennessee corporation, d/b/a GENTRY TRAILWAYS; VANDALIA BUS LINES, INC., an Illinois corporation; TRI-CITY CHARTER OF BOSSIER, INC., a Louisiana corporation; RBL WISCONSIN, INC., a Wisconsin corporation; ROADRUNNER CHARTERS, INC., a Texas corporation; and ECLIPSE CHARTERS & TOURS, LLC, an Indiana limited liability company,

   Plaintiffs,

vs.

CATERPILLAR INC., a Delaware corporation,

   Defendant.
_____/

### DEFENDANT CATERPILLAR INC.'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT & INCORPORATED MEMORANDUM OF LAW

Defendant, Caterpillar Inc., pursuant to Fed. R. Civ. P. 9(b), 10(b) and 12(b)(6) and S.D. Fla. L.R. 7.1, moves to dismiss Counts 2 through 7 entirely and Count 1 as to Tri-City Charter of Bossier, Inc. of the Second Amended Complaint ("SAC") [DE—43] for failure to state a claim upon which relief may be granted and for non-compliance with certain federal pleading requirements. As grounds, Caterpillar states:

## INTRODUCTION

In their second amended complaint, Plaintiffs attempt to allege a nation-wide class action with 8 named Plaintiffs who are residents of and subject to the laws of 8 different states. The pleading alleges seven counts, including six that are governed by state law and one sounding in federal law.

In broad terms, the legal deficiencies of the second amended complaint include, but are not limited to: (a) the non-existence of a claim for breach of express warranty in Louisiana; (b) failure to allege privity in support of some of the implied warranty claims; (c) disregarding the preclusive effect of the implied warranty disclaimer in the express warranty; (d) alleging a non-existent claim for "tortious breach of warranty"; (e) alleging tort claims that are barred by the economic loss rule; and (f) seeking a declaration relating to facts and past acts, rather than rights that may exist.

Plaintiffs' second amended complaint also suffers from numerous pleading deficiencies including: (a) incorporating all prior counts into each count—a pleading practice condemned by the Eleventh Circuit; (b) merging claims for negligent design and negligent failure to warn into a single count in violation of Fed. R. Civ. P. 10(b); and (c) alleging a negligent misrepresentation claim without regard to the heightened pleading requirements of Fed. R. Civ. P. 9(b). In light of these deficiencies, and given that this is Plaintiffs' third iteration of their initial pleading, Caterpillar asks this Court to dismiss Count 1 as to Tri-City Bus, as well as Counts 2 through 7 in their entirety, with prejudice.

## PROCEDURAL BACKGROUND

The original complaint, which Caterpillar removed to this Court on October 30, 2012, asserted class-action claims on behalf of Salud Services, Inc. only. That complaint asserted 5 counts, and attempted to certify a putative class defined as "all Florida persons or entities that leased or purchased a bus containing a 2008/9 Caterpillar C-13 bus engine with an emissions regeneration system that perform[ed consistent with the allegations in the original complaint]." [DE—1]. Shortly after this Court

2

dismissed the claims for negligence and strict liability alleged in that complaint [DE—11], Plaintiffs moved for leave to amend [DE—13].

The amended complaint [DE—17] attempted to greatly expand the scope of the litigation. Rather than have 1 named plaintiff to represent a class within a single jurisdiction, it purported to include an 8-state class, with 8 sub-classes, which would be represented by 8 different named plaintiffs– one from each state. The amended complaint alleged 7 counts, including: breach of express warranty, breach of implied warranty for a particular purpose, breach of warranty of merchantability, and 4 counts based on the consumer protection laws of Florida, Illinois, Minnesota and Indiana. After less than a month, Plaintiffs again moved, *ore tenus*, for leave to file the now operative second amended complaint [DE—43].

Like the first amended complaint, the second amended complaint represents a significant departure from its predecessor. It attempts to allege 7 counts: (1) breach of express warranty; (2) breach of implied warranty of fitness; (3) breach of implied warranty of merchantability; (4) tortious breach of warranty; (5) negligent design and failure to warn; (6) negligent misrepresentation; and (7) declaratory judgment.[1] As this Court will see below, even though Plaintiffs expanded the geographic scope of their complaint, they made no attempt to tailor their state law claims to the controlling law in the 8 states. Even cursory research would have revealed the facial deficiency of many of the counts on the basis of privity, the economic loss rule and preemption and the fact that none of the states recognize

---

[1] Although the second amended complaint purports to be on behalf of "all users within the United States," it also includes subclasses for *only the 8* states that were involved in the amended complaint. *See* SAC ¶ 60; *see also id.* ¶ 59. There is no explanation why these 8 states are treated differently from the other 43 jurisdictions purportedly represented in this action. The class definition is even more ambiguous because it specifically includes "all users within the United States, *and* within the states of Florida, Minnesota, Tennessee, Illinois, Louisiana, Wisconsin, Texas and Indiana," which only includes "users" within the eight states. *Id.* ¶ 60 (emphasis added). This is inconsistent with the statement in the previous paragraph, which refers to the putative class as "nationwide." *Id.* ¶ 59.

a cause of action for "tortious breach of warranty." As discussed below, Counts 2 through 7 fail to state a claim upon which relief can be granted for any of the named Plaintiffs, and Count 1 fails to state a viable cause of action under Louisiana law (Tri-City Bus).

## MEMORANDUM OF LAW

### I

### PLAINTIFF TRI-CITY BUS' CLAIM FOR BREACH OF EXPRESS WARRANTY IN COUNT 1 FAILS TO STATE A COGNIZABLE CLAIM UNDER LOUISIANA LAW

Plaintiff Tri-City Bus fails to state a claim for breach of express warranty under Louisiana law because the Louisiana Products Liability Act (LPLA) exclusively governs the liability of manufacturers for injuries from their products in that jurisdiction. Under the LPLA, a consumer may only sue a manufacturer for economic loss in redhibition (contract) and for personal injury damages under the LPLA. *See* La. Rev. Stat. Ann. §§ 9:2800:52, 9:2800.53(5) (2013). Because there are no alleged personal injuries, redhibition provides the sole basis for Tri-City's recovery under Louisiana law. *Marseilles Homeowners Condo. Ass'n v. Broadmoor, L.L.C.*, 2013 WL 745378, *4 (La. Ct. App. Feb. 27, 2013) ("[W]e have previously held that a breach of express warranty 'is no longer viable as an independent theory of recovery against a manufacturer.'") (quoting *Touro Infirmary v. Sizeler Architects*, 947 So. 2d 740, 744 (La. Ct. App. 2006)). A claim for breach of an express warranty is "now subsumed under the Louisiana Products Liability Act . . . with the possible exception of a claim in redhibition." *Id*. Therefore, Tri-City's claim for breach of any express warranty is preempted by the LPLA and fails to state a claim upon which relief may be granted.

II

## PLAINTIFFS' CLAIMS FOR BREACH OF IMPLIED WARRANTIES IN COUNTS 2 AND 3 FAIL TO STATE VALID CLAIMS IN THE RELEVANT JURISDICTIONS

Plaintiffs attempt to allege claims based on Caterpillar's purported breaches of the implied warranties of fitness for a particular purpose (Count 2) and merchantability (Count 3). These claims fail to state a claim for relief in all 8 jurisdictions and should be dismissed with prejudice.

### A. No Privity (Florida, Illinois, Indiana, Wisconsin)

Counts 2 and 3 of the second amended complaint fail to state a claim because Plaintiffs do not and cannot allege that there was privity between them and Caterpillar. *See* SAC ¶¶ 91–97, 98–103. This requires that Count 2 be dismissed with regard to the Plaintiffs representing Florida (Salud), Illinois (Vandalia), Indiana (Eclipse) and Wisconsin (RBL), and that Count 3 be dismissed as to the Plaintiffs representing Florida (Salud), Illinois (Vandalia), and Wisconsin (RBL).[2] *See* **Florida**: *Kramer v. Piper Aircraft Corp.*, 520 So. 2d 37 (Fla. 1988); *Affiliates for Evaluation & Therapy, Inc. v. Viasyn Corp.*, 500 So. 2d 688, 693 (Fla. 3d DCA 1987) (holding that a claim for breach of implied warranty by a consumer against the manufacturer of a computer could not stand where the plaintiff failed to allege privity of contract); **Illinois**: *Szajna v. GMC*, 503 N.E. 2d 760, 767 (Ill. 1986) (declining to abolish the privity requirement in implied-warranty economic-loss cases); *see also Caterpillar Inc. v. Usinor Industeel*, 393 F. Supp. 2d 659, 678 (N.D. Ill. 2005); **Indiana**: *Pizel v. Monaco Coach Corp.*, 364 F. Supp. 2d 790 (N.D. Ind. 2005) (striking plaintiff's claims for all implied warranties against defendant manufacturer on grounds that Indiana law required privity between the consumer and the manufacturer); **Wisconsin**: *Lamount v. Winnebago Indus., Inc.*, 569 F. Supp. 2d 806, 815–816 (E.D. Wis. 2008) (since there was no

---

[2] While lack of privity does not defeat Eclipse's Indiana claim for breach of the implied warranty of merchantability, that claim still fails because the implied warranty is expressly disclaimed. *See,* Point II.C., *infra*.

5

contract between plaintiff and defendant, no implied warranty could have arisen).

### B. <u>Preemption</u> (Louisiana)

The LPLA governs the liability of manufacturers for injuries from their products. Under the LPLA, a consumer may only sue a manufacturer for economic loss in redhibition (contract) and for personal injury damages under the LPLA. *See* La. Rev. Stat. Ann. §§ 9:2800:52, 9:2800.53(5) (2013). Because there are no alleged personal injuries, redhibition provides the sole basis for Tri-City's recovery under Louisiana law. Therefore, Tri-City's claims for breach of the implied warranties of fitness for a particular purpose and merchantability are preempted and fail to state a claim upon which relief may be granted.

### C. <u>Implied Warranties Disclaimed</u> (Florida, Illinois, Indiana, Minnesota, Tennessee, Texas, Wisconsin)

A disclaimer of an implied warranty in Florida, Illinois, Indiana, Minnesota, Tennessee, Texas, and Wisconsin, which have all adopted the Uniform Commercial Code, must be in writing and "conspicuous." *See* **Florida**: Fla. Stat. § 672.316(2); **Illinois**: 810 Ill. Comp. Stat. 5/2-316(2); **Indiana**: Ind. Code § 26-1-2-316(2); **Minnesota**: Minn. Stat. § 336.2-316(2); **Tennessee**: Tenn. Code Ann. § 47-2-316(2); **Texas**: Tex. Bus. & Com. Code Ann. § 2.316(b); **Wisconsin**: Wis. Stat. § 402.316(2). "Whether a term is 'conspicuous' or not is a decision for the court" to make as a matter of law.[3] Disclaimers have been deemed conspicuous if they are displayed or presented in a way that a reasonable person would notice it. For example, language in the body of a form is conspicuous if it contrasts with surrounding text. **Florida**: *Rudy's Glass Constr. Co v. E.F. Johnson Co.*, 404 So. 2d 1087, 1089 (Fla. 3d DCA 1981) (disclaimer on back of single sheet, double-sided warranty is conspicuous because the

---

[3]**Florida**: Fla. Stat. § 671.201(10); **Illinois**: 810 Ill. Comp. Stat. 5/1-201(10); **Indiana**: Ind. Code § 26-1-1-201(10); **Minnesota**: Minn. Stat. § 336.1-201(10); **Tennessee**: Tenn. Code Ann. § 47-1-201(10); **Texas**: Tex. Bus. & Com. Code Ann. § 1.201(10); **Wisconsin:** Wis. Stat. § 401.201(10).

front directed reader to the other side, where the disclaimer stood out from surrounding text in all capital letters); **Illinois**: 810 Ill. Comp. Stat. 5/1-201(10);  **Indiana**: Ind. Code § 26-1-1-201(10); **Minnesota**: Minn. Stat. § 336.1-201(10); **Tennessee**: *Bd. of Directors of City of Harriman Sch. Dist. v. Sw. Petroleum Corp.*, 757 S.W.2d 669, 675 (Tenn. Ct. App. 1988) (language in the body of a form is conspicuous if it is in larger font or other contrasting type of color) (quoting Tenn. Code Ann. § 47-1-201(10)(B)); **Texas**: Tex. Bus. & Com Code Ann. §1.201(10); **Wisconsin:** Wis. Stat. § 401.201(10).

In this case, all three iterations of Caterpillar's limited warranty attached to the second amended complaint explicitly disclaim the implied warranties of fitness and merchantability:

> THIS WARRANTY IS EXPRESSLY IN LIEU OF ANY OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE, EXCEPT CATERPILLAR EMISSION-RELATED COMPONENTS WARRANTIES FOR NEW ENGINES, WHERE APPLICABLE. REMEDIES UNDER THIS WARRANTY ARE LIMITED TO THE PROVISIONS OF MATERIAL AND SERVICES, AS SPECIFIED HEREIN. CATERPILLAR IS NOT RESPONSIBLE FOR INCIDENTAL OR CONSEQUENTIAL DAMAGES.

*See* SAC, Exh. A.  This limited warranty consists of a single sheet of paper printed on both sides.  The front side contains certain terms and limitations.  The bottom of the front side of the warranty clearly states—separate and below the body of the text—that the warranty is "continued on reverse side. . . ."  On the reverse side, the disclaimer is in bold and capital letters, which contrasts from the surrounding text.  And it specifically excludes the warranties of fitness for a particular purpose and merchantability.  Accordingly, Caterpillar's disclaimer of these implied warranties satisfies the UCC's criteria.

In sum, Counts 2 and 3 of the second amended complaint fail to state a viable claim for breach of the implied warranties of fitness for a particular purpose and merchantability in all 7 of the relevant jurisdictions.

### III

### THE CLAIM FOR TORTIOUS BREACH OF WARRANTY IN COUNT 4 FAILS TO STATE A COGNIZABLE CAUSE OF ACTION IN THE RELEVANT JURISDICTIONS

None of the relevant jurisdictions recognize a claim for tortious breach of warranty. This is not surprising since such a claim harkens back to "the infancy of products liability when courts were struggling to rationalize a recovery which seemed just, but which did not easily fit into the old theories of tort liability." *See Best v. Honeywell, Inc.*, 491 F. Supp. 269, 271 (D. Conn. 1980). Such a claim is now considered by many courts to have been an "ill-defined notion" that has evolved into the doctrine of strict liability. *Id.* at 271-72. Moreover, courts consider the modern breach of warranty claim to be hybrid between a contract claim and a tort claim, obviating the need for a separate claim for *tortious* breach of warranty. *See* 1A C.J.S. *Actions* § 140 (2013) ("[I]t is generally recognized that a breach of warranty is not only a violation of the sales contract out of which the warranty arises but is a tortious wrong as well."). Accordingly, this claim must be dismissed with prejudice since it alleges a claim not recognized in any of the relevant jurisdictions.

### IV

### THE CLAIMS FOR NEGLIGENT DESIGN AND NEGLIGENT FAILURE TO WARN IN COUNT 5 FAIL TO STATE A CLAIM FOR RELIEF IN THE RELEVANT JURISDICTIONS

Count 5 in the second amended complaint contains claims for both negligent design and negligent failure to warn. As discussed below, these claims fail to state a claim for relief because they are barred by the economic loss rule in 7 of the 8 jurisdictions, preempted by statute in Louisiana, and improperly pled.

A. <u>**Economic Loss Rule**</u> **(Florida, Illinois, Indiana, Minnesota, Tennessee, Texas, Wisconsin)**

Count 5 attempts to allege causes of action for negligent design and negligent failure to warn. Plaintiffs do not allege that there was damage to property other than the product itself or that there was any personal injury damage. Instead, these claims seek damages for pure economic loss, *see* SAC ¶ 113, which seven of the eight jurisdictions preclude based on the economic loss rule or a statute embracing the economic loss rule. *See* **Florida:** *Tiara Condo. Ass'n v. Marsh & McLennan Cos.*, No. SC10-1022, 2013 WL 828003 (Fla. Mar. 7, 2013); **Illinois:** *Moorman Mfg. Co. v. Nat'l Tank Co.*, 435 N.E.2d 443, 450 (Ill. 1982); *see also Muirfield Village-Vernon Hills, LLC v. K. Reinke, Jr. & Co.*, 810 N.E.2d 235, 247 (Ill. App. Ct. 2004) ("Briefly stated, recovery for solely economic losses in relation to a product may not be had upon a tort theory of negligence."); **Indiana:** *Progressive Ins. Co. v. GMC*, 749 N.E.2d 484, 488 (Ind. 2001) (holding that where loss is purely economic, and there is no damage to other property and no personal injury, tort action is barred under the economic loss rule and Indiana's Product Liability Act)[4]; **Minnesota:** Minn. Stat. § 604.101(3); **Tennessee:** *Messer Griesheim Indus., Inc. v. Cryotech of Kingsport, Inc.*, 131 S.W.3d 457, 463 (Tenn. Ct. App. 2003) ("Tennessee has joined those jurisdictions which hold that product liability claims resulting in pure economic loss can be better resolved on theories other than negligence.") (quoting *Ritter v. Custom Chemicides, Inc.*, 912 S.W.2d 128 (Tenn. 1995)); **Texas:** *Sharyland Water Supply Corp. v. City of Alton,* 354 S.W.3d 407, 415 (Tex. 2011) (stating that "when losses from an occurrence arise from failure of a product . . . recovery is generally limited to remedies grounded in contract (or contract-based statutory remedies), rather than tort"); **Wisconsin:** *Daanen & Janssen Inc. v. Cedarapids, Inc.*, 573 N.W.2d 842, 844–45 (Wis. 1998)

---

[4]Plaintiffs' negligence claims also fail under Indiana law because they do not—and cannot—allege privity with Caterpillar. *See Citizens Gas & Coke Util. v. Am. Econ. Ins. Co.*, 486 N.E.2d 998, 1000–01 (Ind. 1985).

("The economic loss doctrine is a judicially created doctrine providing that a commercial purchaser of a product cannot recover from a manufacturer, under the tort theories of negligence or strict product liability, damages that are solely 'economic' in nature.").

### B. Preemption (La.)

The LPLA governs the liability of manufacturers for injuries from their products and establishes the *exclusive* theories of liability. A consumer may sue a manufacturer for economic loss in redhibition (contract) and this may be joined with a claim under the LPLA for personal injury damages. As such, the LPLA is the sole basis for recovery on product liability *tort* claims. *See In re Air Bag Prods. Liability Litig.*, 7 F. Supp. 2d 792, 802 (E.D. La. 1998) (holding that the LPLA was the sole basis for recovery on tort claims asserted by purchasers of vehicles and preempted negligence and strict liability claims); *see also Scott v. Am. Tobacco Co.*, 949 So. 2d 1266, 1273-74 (La. Ct. App. 2007) (finding that fraud claims cannot be used to circumvent the LPLA since the "LPLA provides the exclusive theory of liability available to persons claiming a product defect after September 1, 1988"). Accordingly, plaintiffs' claims for negligent design and negligent failure to warn are preempted by the LPLA and fail to state a claim upon which relief may be granted.

### C. Claims Must Be Separately Pled

Federal Rule of Civil Procedure 10(b) states that "each claim founded on a separate transaction or occurrence . . . must be stated in a separate count." The Eleventh Circuit has construed this rule to mean that "discrete claims should be plead in separate counts." *See Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001). Count 5 pleads claims for both negligent design and negligent failure to warn

SEDGWICK LLP
ATTORNEYS FOR CATERPILLAR INC.

which are discrete product liability claims.  Accordingly, in the unlikely event plaintiffs are allowed to amend, Count 5 must be pled as separate counts.[5]

V

### THE NEGLIGENT MISREPRESENTATION CLAIM IN COUNT 6 FAILS TO STATE A CLAIM FOR RELIEF IN THE RELEVANT JURISDICTIONS

Count 6 in the second amended complaint attempts to allege a claim for negligent misrepresentation.  As discussed below, this claim fails to state a claim for relief because it is barred by the economic loss rule in 7 of the 8 jurisdictions and preempted by statute in Louisiana.  Plaintiffs have also failed to plead this claim with the requisite specificity.

A. **Economic Loss Rule** (Florida, Illinois, Indiana, Minnesota, Tennessee Texas, Wisconsin)

Count 6 attempts to state a claim for negligent misrepresentation based on the following 3 representations:  (1) that the engines would reduce emissions in conformity with EPA standards; (2) that the emission systems would provide regeneration without driver action; and (3) that Caterpillar would perform warranty repairs to correct defects.  SAC ¶¶ 115, 116.  The basis for the misrepresentation claim is substantially similar to the allegations in the counts for breach of express warranty (SAC ¶ 85, 87), breach of implied warranty of fitness (SAC ¶¶ 94, 95), and breach of implied warranty of merchantability (SAC ¶¶ 101).  Further, the damages sought in the negligent misrepresentation claim are identical to the damages sought in the implied warranty claims.  *Compare* SAC ¶ 119 *with* SAC ¶¶ 97, 103.  In short, plaintiffs rely on the same allegations to plead their warranty claims as their misrepresentation claim; their negligent misrepresentation claim is merely a repackaged breach of warranty claim.

---

[5]Plaintiffs also incorporate all prior counts into each count—another a pleading practice condemned in *Magluta*. *See* SAC ¶¶ 91, 98, 108, 114, 120.  On this ground alone, the entire complaint is defective.

11

Based on the above, seven of the eight jurisdictions preclude this claim based on the economic loss rule. *See* **Florida:** *See Pavletic v. Bertram Yacht, Inc.*, No. 11-60484-CIV, 2011 WL 3475394 (S.D. Fla. Aug. 9, 2011) (Marra, J.); *see also Behrman v. Allstate Life Ins. Co.*, 388 F. Supp. 2d 1346, 1349 (S.D. Fla. 2005) (dismissing plaintiff's negligent misrepresentation claim under the economic loss rule where the plaintiff failed to show that his negligent misrepresentation claim was independent from his breach of contract claim) (Seitz, J.); **Illinois:** *Moorman*, 435 N.E.2d at 451-52 (holding that the economic loss rule bars product liability negligence claims because "[a]llowing an aggrieved party to recover under a negligence theory for solely economic loss would constitute an unwarranted infringement upon the scheme provided by the UCC"); **Indiana:** *Indianapolis-Marion County Pub. Library v. Charlier Clark & Linard, P.C.*, 929 N.E.2d 722, 726-27 (Ind. 2010) (stating that "a defendant is not liable under a tort theory for any purely economic loss caused by its negligence (including, in the case of a defective product or service, damage to the product or service itself")); **Minnesota:** Minn. Stat. § 604.101(4) ("A buyer may not bring a common law misrepresentation claim against a seller relating to the goods sold or leased unless the misrepresentation was made intentionally or recklessly."); **Tennessee:** *First Nat'l Bank of Louisville v. Brooks Farms*, 821 S.W.2d 925, 931 (Tenn. 1991) (disapproving of a cause of action for negligent misrepresentation relating to the sale of a product); *Messer Griesheim*, 131 S.W.3d at 463; **Texas:** *Sterling Chems., Inc. v. Texaco Inc.*, 259 S.W.3d 793, 797 (Tex. App. 2007) ("Under the economic loss rule, a plaintiff may not bring a claim for negligent misrepresentation unless the plaintiff can establish that he suffered an injury that is distinct, separate, and independent from the economic losses recoverable under a breach of contract claim."); **Wisconsin:** *See Prent Corp. v. Martek Holdings, Inc.*, 618 N.W.2d 201, 205-06 (Wis. Ct. App. 2000).

SEDGWICK LLP
ATTORNEYS FOR CATERPILLAR INC.

  B. **Preemption** (Louisiana)

Louisiana's Product Liability Law preempts this claim. *See* Point IV.B., *supra*; *see also Cooper v. Wyeth*, No. 09-929-JJB-CN, 2010 WL 2653321, at *2 (M.D. La. June 25, 2010) (finding that negligent misrepresentation claim failed to state a cognizable action under Louisiana law because it did not fall into one of the 4 categories recognized by the LPLA); *Boudreaux v. Deutz Corp.*, No. 09-6759, 2010 WL 1838650, at *3 (E.D. La. May 3, 2010) (finding that negligent misrepresentation claim was not a "viable independent theory" against a manufacturer in light of the LPLA); *In re Ford Motor Co. Vehicle Paint Litig.*, No. MDL 1063, 1996 WL 426548, at *16 (E.D. La. July 30, 1996) (finding that plaintiff could not state a claim for negligent misrepresentation "because the LPLA provides the exclusive tort remedy against manufacturers for damaged caused by their products").

  C. **Not Pled With Specificity**

Even if plaintiffs could state a viable claim for negligent misrepresentation, the claim, as pled, falls woefully short of the federal pleading requirements requiring dismissal.

When pleading the elements of negligent misrepresentation Rule 9(b)'s heightened pleading standard applies. *See, e.g., Gibson v. NCL (Bahamas) Ltd.*, No. 11–24343–CIV, 2012 WL 1952667, at *6 (S.D. Fla. May 30, 2012) (Seitz, J.).[6] To satisfy the heightened pleading standard, Plaintiffs must specifically plead*:* "(1) *precisely what statements were made* in what documents or oral representations or what omissions were made; (2) the *time and place* of each such statement and the *person responsible*

---

[6]*See also Kaufman v. Wyeth Co.*, No. 02-22692-CIV, 2011 WL 10483568 (S.D. Fla. Apr. 12, 2011) ("negligent misrepresentation must be pled with specificity"); *Tradewinds Engine Servs., LLC v. IAE Int'l Aero Engines AG,* No. 10–61027–CIV, 2011 WL 900312, at *7 (S.D. Fla. Jan.13, 2011) ("claims for negligent misrepresentation sound in fraud, and thus Plaintiff's claims in this area are subject to the same particularity requirements as its fraud claims"); *Weitz v. Celebrity Cruises, Inc.*, Nos. 10-20267-CIV, 10-20268-CIV, 2010 WL 1882127, at *1 (S.D. Fla. May 11, 2010) ("Rule 9(b) applies to Plaintiffs' . . . negligent misrepresentation claims").

*for making* (or, in the case of omissions, not making) same; (3) the *content of such statements* and the *manner in which they misled the plaintiff*; and (4) what the defendants obtained as a consequence of the fraud." *Id.* at *6 (quoting *Ziemba v. Cascade Int'l, Inc.,* 256 F.3d 1194, 1202 (11th Cir. 2001)) (emphasis added).

Where there are multiple defendants or multiple instances of allegations of different negligent misrepresentations, each claim must be outlined in a separate count and the complaint must specifically allege how the defendant made misrepresentations to *each* plaintiff. *See Mascaro Aviation, L.L.C. v. Diamond Aircraft Indus., Inc.*, No. 10-60556-CIV, 2011 WL 856805, at *8 (S.D. Fla. Mar. 8, 2011), *report and recomm. adopted,* 2011 WL 1114317 (Mar. 25, 2011) (stating that the plaintiff's claims for fraud must fail because "instead of presenting each transaction and its corresponding misrepresentations into a separate count, Plaintiffs lump all 203 allegations for the nineteen Plaintiffs' sixteen Aircraft transactions together.").[7]

Where a plaintiff fails to satisfy these requirements, courts routinely and systematically dismiss negligent misrepresentation claims.[8]

---

[7] The clumping of claims together also violates Rule 10(b)'s requirement that "[a] party must state its claims or defenses in numbered paragraphs, *each limited as far as practicable to a single set of circumstances*." (Emphasis added); *see also Mascaro*, 2011 WL 856805, at *8 (determining that "Plaintiffs' complaint fails to separate the claims for relief when doing so would promote clarity, and thus violates Rule 10(b)").

[8] *See, e.g., Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) (affirming the trial court's dismissal of the plaintiff's negligent misrepresentation claim for failing to plead with particularity); *Gibson*, 2012 WL 1952667, at *6 (dismissing the plaintiff's negligent misrepresentation claim because the "Plaintiff has not alleged precisely what statements NCL crewmembers at the Shore Excursion Department made to her or when the statements were made."); *Kaufman*, 2011 WL 10483568 (dismissing claims for negligent misrepresentation *with prejudice* where plaintiff "fail[ed] to allege the precise content of each of [defendant]'s purported misrepresentations . . . , when and where each misrepresentation was made, how each misrepresentation was inconsistent with the scientific or medical knowledge available at the time of the manufacture or sale, and how [plaintiff] or her doctor justifiably relied on each misrepresentation").

In this case, plaintiffs' claim for negligent misrepresentation fails to specifically allege any of the facts required under Rule 9(b)'s heightened pleading requirement. Plaintiffs fail to allege: (1) what statements were made in what documents; (2) the time and place of each statement and the person making the statement; (3) the content of such statements and the manner in which they misled the plaintiff; and (4) what the defendants obtained as a consequence of the alleged misrepresentations. *See Gibson*, 2012 WL 1952667, at *6. Accordingly, this claim must be dismissed on this pleading deficiency alone.

## VI

### THE CLAIM FOR DECLARATORY JUDGMENT MUST BE DISMISSED BECAUSE IT SEEKS RELIEF NOT PROPER UNDER 28 U.S.C. § 2201

Plaintiffs' claim for declaratory judgment in Count 7 also fails as a matter of law on three independent bases.

***First***, Plaintiffs seek a declaratory judgment under 28 U.S.C. § 2201 which permits courts in their sole discretion to "declare the *rights* and other legal relations of any interested party seeking such declaration." (Emphasis added). Here, Plaintiffs are not requesting that this Court determine whether any "rights" exist, but rather, Plaintiffs are seeking *factual determinations* relating to Caterpillar's alleged breach of warranty. For example, Plaintiffs' first request for declaratory judgment seeks to have this Court determine—as a matter of law—"[t]hat the 2007-9 CAT C-13 Engines is defective." *See* SAC ¶ 124(a). Such a request to have a court determine a factual allegation as a matter of law is legally improper and requires dismissal. *See e.g., Perret v. Wyndham Vacation Resorts, Inc.*, 889 F. Supp. 2d 1333, 1346 (S.D. Fla. 2012) (dismissing a claim for declaratory relief where the plaintiffs were "not seeking a declaration of their 'rights' under the contracts; they [we]re seeking a declaration that Defendants' actions were fraudulent, unconscionable and inequitable. These are not rights.") (Seitz, J.);

*Sierra Equity Grp., Inc. v. White Oak Equity Partners, LLC,* 650 F. Supp. 2d 1213, 1230 (S.D. Fla. 2009) (dismissing a claim for declaratory relief where the plaintiff improperly sought "factual determinations regarding possible breaches of contract"); *Eisenberg v. Standard Ins. Co.*, No. 09-80199-CIV, 2009 WL 1809994, at *3 (S.D. Fla. June 25, 2009) (dismissing a declaratory relief claim because it improperly "ask[ed] the Court to make factual determinations regarding possible breaches of contract")

***Second***, this claim should be dismissed because it is duplicative of the other six claims. *See e.g., Perret*, 889 F. Supp. 2d at 1346 (stating that "a court should not entertain an action for declaratory relief when the issues are properly raised in other counts of the pleadings and are already before the court") (Seitz, J.); *Fernando Grinberg Trust Success Int'l Properties LLC v. Scottsdale Ins. Co.,* No. 10-20448-CIV, 2010 WL 2510662, at *1 (S.D. Fla. June 21, 2010) (dismissing declaratory judgment action because "a trial court should not entertain an action for declaratory judgment on issues which are properly raised in other counts of the pleadings and already before the court, through which the plaintiff will be able to secure full, adequate and complete relief") (internal citations omitted); *Regency of Palm Beach, Inc. v. QBE Ins. Corp.*, No. 08-81442-CIV, 2009 WL 2729954, at *4 (S.D. Fla. Aug. 25, 2009) (dismissing a claim for declaratory judgment where it was "duplicitous [sic] of the relief sought in [plaintiff's] breach of contract counts").

***Third***, Plaintiffs' claim improperly seeks a determination of past acts. "The point of a declaratory judgment is to permit actual controversies to be settled *before they ripen* into violations of law, not to adjudicate past conduct." *Sierra Equity,* 650 F. Supp. 2d at 1230 (internal citations omitted & emphasis added). In other words, "the purpose of the Declaratory Judgment Act is to clarify the legal relations at issue and to settle controversies *prior to a legal breach of duty or contract*." *Id*. (emphasis added).

Here, Plaintiffs allege that Caterpillar *already* breached a warranty, and thus any declaratory judgment in the instant case would not "prevent the accrual of avoidable damages" and thus must be

16

dismissed. *Id*. at 1230-31 (dismissing a claim for declaratory judgment where "the requested relief [did not] seek a result that would lead to a change in conduct by either party" in the future); *see also Eisenberg*, 2009 WL 1809994, at *3 (dismissing declaratory relief claim and stating that "the purpose of the Declaratory Judgment Act is to clarify the legal relations at issue and to settle controversies *prior* to a legal breach of duty or contract").

Accordingly, Plaintiffs' claim for declaratory judgment fails to state a claim for relief and must be dismissed.

## CONCLUSION

Based on the above, Defendant Caterpillar Inc. requests that this Court enter an order dismissing Counts 2, 3, 4, 5, 6, and 7 with prejudice. As to Count 1, Defendant requests that this Court enter an order dismissing the claim brought on behalf of Tri-City Charter of Bossier, Inc. (Louisiana) with prejudice.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing motion to dismiss was served electronically via the CM/ECF system on this 15th day of April, 2013 on all counsel of record listed on the attached service list.

Respectfully submitted,

By:   /s/ Gordon James III
GORDON JAMES III (FBN: 150077)
gordon.james@sedgwicklaw.com
DAVID J. DePIANO (FBN: 0055699)
david.depiano@sedgwicklaw.com
SEDGWICK LLP
2400 E. Commercial Blvd., Ste. 1100
Ft. Lauderdale, FL  33308
Ph – 954/958-2500; Fx – 954/958-2513

and

17

JAMES H. KEALE (*Pro Hac Vice*)
New Jersey Bar No. 23771983
james.keale@sedgwicklaw.com
SEDGWICK LLP
Three Gateway Center, 12th Flr.
Newark, NJ 07102
Ph-973/242-0002; Fx-973/242-8099
*Attorneys for Defendant Caterpillar Inc.*

U.S.D.C. - S.D. Fla.
*Miami Division*
CASE NO: 1:12-cv-23927-PAS
SALUD SERVICES, INC., etc., et al., vs. CATERPILLAR INC.

## SERVICE LIST

GREGORY S. WEISS, ESQ.
LEOPOLD LAW, P.A.
2925 PGA Blvd., Ste. 200
Palm Beach Gardens, FL  33410
Telephone:  (561) 515-1400
Facsimile:  (561) 515-1401
Email:  gweiss@leopold-law.com
*Attorney for Plaintiffs*

JULIE D. MILLER, ESQ.
COMPLEX LITIGATION GROUP LLC
513 Central Ave., Ste. 300
Highland Park, IL  60035
Telephone:  (847) 433-4500
Facsimile:  (847) 433-2500
Email:  Julie@ComplexLitGroup.com
*Co-Counsel for Plaintiffs*

JONATHAN SHUB, ESQ.
SEEGER WEISS LLP
1515 Market St., Ste. 1380
Philadelphia, PA  19102
Telephone:  (215) 553-7980
Facsimile:  (215) 851-8029
Email:  JShub@SeegerWeiss.com
*Co-Counsel for Plaintiffs*

RICHARD J. BURKE, ESQ.
COMPLEX LITIGATION GROUP LLC
1010 Market St., Ste. 1340
St. Louis, MO  63101
Telephone:  (314) 880-7000
Facsimile:  (314) 220-7777
Email:  Rich@complexlitgroup.com
*Co-Counsel for Plaintiffs*

KEVIN T. HOERNER, ESQ.
BECKER, PAULSON, HOERNER &
THOMPSON, P.C.
5111 W. Main St.
Belleville, IL  62226
Telephone:  (618) 235-0020
Facsimile:  (618) 235-8558
Email:  KTH@bphtlaw.com
*Co-Counsel for Plaintiffs*

MARK S. FISTOS, ESQ.
STEVEN R. JAFFE, ESQ.
SETH M. LEHRMAN, ESQ.
FARMER, JAFFE, WEISSING, EDWARDS
FISTOS & LEHRMAN, P.L.
425 N. Andrews Ave., Ste. Two
Ft. Lauderdale, FL  33301
Telephone:  (954) 524-2820
Facsimile:  (954) 524-2822
Email:  Mark@pathtojustice.com;
SJaffe@pathtojustice.com;
Seth@pathtojustice.com
*Co-Counsel for Plaintiffs*

01017 | 00752 | 361 v.2